UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

NICOLE KELLY

    Plaintiff,

vs.

OMNIPOINT MANAGEMENT SOLUTIONS, LLC

    Defendant.

Case No.: 21-cv-251

### DEFENDANT OMNIPOINT MANAGEMENT SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Omnipoint Management Solutions, LLC ("Defendant"), by and through its undersigned attorneys, for its Answer to the Complaint of the Plaintiff Nicole Kelly ("Plaintiff"), herein states, upon information and belief as follows:

### JURISDICTION

1. Defendant admits that this action alleges violations of the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 *et seq.* ("FDCPA"). Defendant denies that it violated said statute. Defendant denies that this action alleges invasions of Plaintiff's personal privacy.

2. The allegations in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 2.

3. The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 3.

## PARTIES

4.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4, and therefore denies same.

5.      Defendant admits that it is New York business entity with an address of 2303 Union Road, West Seneca, New York 14224. The remaining allegations in Paragraph 8 constitute conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 8.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

6.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6, and therefore denies same.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6, and therefore denies same.

8.      Defendant admits that an account belong to Plaintiff was placed with Defendant for collections.

9.      The allegations in Paragraph 9 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 9.

**B.  Omnipoint Engages in Harassment and Abusive Tactics**

10.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10, and therefore denies same.

11.     Defendant denies each and every allegation in Paragraph 11.

12.     Defendant denies each and every allegation in Paragraph 12.

13. Defendant denies each and every allegation in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14, and therefore denies same.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15, and therefore denies same.

16. Defendant denies each and every allegation in Paragraph 16.

17. Defendant denies each and every allegation in Paragraph 17.

C. **Plaintiff Suffered Actual Damages**

18. Defendant denies each and every allegation in Paragraph 18.

19. Defendant denies each and every allegation in Paragraph 19.

## COUNT 1

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

20. Defendant incorporates and realleges the foregoing paragraphs.

21. Defendant denies each and every allegation in Paragraph 21.

22. Defendant denies each and every allegation in Paragraph 22.

23. Defendant denies each and every allegation in Paragraph 23.

24. Defendant denies each and every allegation in Paragraph 24.

25. Defendant denies each and every allegation in Paragraph 25.

26. Defendant denies each and every allegation in Paragraph 26.

27. Defendant denies each and every allegation in Paragraph 27.

28. Defendant denies each and every allegation in Paragraph 28.

29. Defendant denies each and every allegation in Paragraph 29.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *ET SEQ.*

30. Defendant incorporates and realleges the foregoing paragraphs.

31. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31, and therefore denies same.

32. The allegations in Paragraph 32 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 32.

33. Defendant denies each and every allegation in Paragraph 33.

34. Defendant denies each and every allegation in Paragraph 34.

## COUNT III

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONUSMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

35. Defendant incorporates and realleges the foregoing paragraphs.

36. Defendant denies each and every allegation in Paragraph 36.

37. Defendant denies each and every allegation in Paragraph 37.

38. Defendant denies each and every allegation in Paragraph 38.

### FIRST AFFIRMATIVE DEFENSE

39. Any violation, if it occurred, was unintentional and the result of a bona fide error.

### SECOND AFFIRMATIVE DEFENSE

40. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's acts and/or omissions.

### THIRD AFFIRMATIVE DEFENSE

41. Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's damages, if any, were caused by third parties over whom Defendant had no control or authority.

### FOURTH AFFIRMATIVE DEFENSE

42. Plaintiff failed to mitigate her damages.

### FIFTH AFFIRMATIVE DEFENSE

43. The Complaint fails to state a claim upon which relief can be granted against Defendant.

### SIXTH AFFIRMATIVE DEFENSE

44. Plaintiff lacks Article III standing to pursue the claims in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

45. Plaintiff did not suffer an ascertainable loss of money or property, real or personal, in accordance with 73 P.S. § 201-9.2.

WHEREFORE, Defendant Omnipoint Management Solutions, LLC respectfully demands judgment against the Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED: February 22, 2021

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com